J-A32015-14

2015 PA Super 29

| | |
|---|---|
| R.L.P., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| R.F.M., | |
| Appellee | No. 1540 EDA 2014 |

Appeal from the Order Entered October 14, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2010-06638

BEFORE:  PANELLA, OLSON and FITZGERALD,* JJ.

CONCURRING AND DISSENTING OPINION BY OLSON, J.:**FILED FEBRUARY 11, 2015**

I agree with the learned Majority's conclusion that the substantive provisions of the trial court's custody order should be affirmed.  I also concur in the Majority's assessment that the original transcribed version of the trial court's order, with its attendant exchanges between the court and counsel, is far too convoluted and confusing to comply with Rule 1915.10(b) of the Pennsylvania Rules of Civil Procedure.  I write separately, however, as I am unable to agree with the mandatory nature of the Majority's solution to the present problem; *to wit* the Majority's holding that, "in order to be sufficiently specific to be enforced, an order of custody **must** be entered as a separate written order, or as a separate section of a written opinion" designated under the heading of "Order."  **See** Majority Opinion at 1-2 and 7 (emphasis added).

*Former Justice specially assigned to the Superior Court.

As the Majority suggests, it is self-evident that, in many if not most cases, the process of preparing a separate written order will provide the trial court with an opportunity to organize its thoughts and coherently articulate the intended terms of its adjudicatory directive. The format of an order is no guarantee, however, that it will be sufficiently clear and specific to merit enforcement, as Pa.R.C.P. 1915.10(b) requires. Moreover, nothing in our procedural or appellate rules, or the relevant interpretive case law, dictates the precise format of an appealable or enforceable order.[1] Accordingly, unlike my learned colleagues, I would conduct any inquiry under Rule 1915.10(b) on a case-by case basis and allow remand for confirmation or clarification, as occurred in the present case, where an order does not meet the "sufficiently specific" criteria of that provision.

_____

[1] Our appellate rules provide that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court," Pa.R.A.P. 301(a)(1), and that "[e]very order shall be set forth on a separate document." Pa.R.A.P. 301(b). In my view, so long as the transcribed notes of testimony docketed as the trial court's order are sufficiently clear and specific to permit enforcement of the terms of the court's custody directive, then I believe that Pa.R.A.P. 301(a)(1) and (b) and Pa.R.C.P. 1915.10(b) have been satisfied.